**EXHIBIT A**

*Answer Due 2/25/09*

## CT Corporation

**Service of Process Transmittal**
01/27/2009
CT Log Number 514363471

TO:     Michael Cunningham
        Infinity Insurance Company
        3700 Colonnade Parkway
        Birmingham, AL 35243

RE:     **Process Served in California**

FOR:    Infinity Insurance Company (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jose Ayala, etc., Pltf. vs. Infinity Insurance Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Cover Sheet, Cover Sheet Addendum, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA<br>Case # BC406093 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for property damage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2009 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Daniel Dembicer<br>Law Offices of Daniel Dembicer<br>5900 Wilshire Blvd.<br>26th Floor<br>Los Angeles, CA 90036<br>323-330-0558 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/27/2009, Expected Purge Date: 02/01/2009<br>Image SOP<br>Email Notification, Carrie Middlebrooks carrie.middlebrooks@ipacc.com<br>Email Notification, Michael Cunningham mike.cunningham@ipacc.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / TC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1-26-09
2:45pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INFINITY INSURANCE COMPANY, a Corporation, And DOES 1 to
100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE AYALA, an individual

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 2 2 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Los Angeles Superior Court-Stanley Mosk Courthouse <br> 111 North Hill Street <br> Los Angeles, California 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> BC406093 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Dembicer/Law Office of Daniel Dembicer     323/330-0558
5900 Wilshire Blvd., 26th Floor, Los Angeles, California 90036

DATE: JAN 2 2 2009           JOHN A. CLARKE, CLERK           M. GARCIA           , Deputy
*(Fecha)*                                                                                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Infinity Insurance Company, a Corporation

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American Legalnet, Inc. | www.USCourtForms.com

1  Daniel Dembicer, Esq. SBN 159910
   LAW OFFICE OF DANIEL DEMBICER
2  5900 Wilshire Boulevard, 26th Floor
   Los Angeles, California 90036
3  Telephone:(323) 330-0558
   Facsimile:(323) 330-0559
4  Attorney for Plaintiff, Jose Ayala

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 22 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

5

6        SUPERIOR COURT OF THE STATE OF CALIFORNIA

7        COUNTY OF LOS ANGELES – CENTRAL DISTRICT

8

9  JOSE AYALA, an individual,      ) Case No.: BC 406093
              Plaintiff,           )
10                                 ) COMPLAINT FOR DAMAGES
11        vs.                      )  1.  BREACH OF INSURANCE
                                   )      CONTRACT;
12 INFINITY INSURANCE COMPANY, a   )  2.  BREACH OF COVENANT OF
   Corporation, AND DOES 1 TO      )      GOOD FAITH AND FAIR
13 100,                            )      DEALING
              Defendants.          )
14                                 )
                                   ) REQUEST FOR JURY TRIAL
15                                 )
16                                 )
17                                 )
18                                 )
19                                 )

20

21       PLAINTIFF JOSE AYALA ALLEGE AS FOLLOWS:

22              GENERAL ALLEGATIONS

23    1. Plaintiff JOSE AYALA("PLAINTIFF"), is now and at all

24       times relevant to this complaint was a resident of Los

25       Angeles County, California.

26    2. PLAINTIFF is informed and believes and thereon alleges

27       Defendant INFINITY INSURANCE COMPANY ("INFINITY") is a

28

COMPLAINT FOR DAMAGES - 1

corporation licensed to transact the business of insurance in the State of California.

3. PLAINTIFF is presently unaware of the true names and capacities of Defendants DOES 1 to 100 and therefore sues them by those fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of those Defendants was in some manner responsible for the events and happenings alleged in this Complaint and for PLAINTIFF'S injuries and damages. PLAINTIFF will amend this Complaint to insert the true names and capacities of the fictitiously named Defendants once such names are ascertained.

### UNDERLYING FACTS

4. PLAINTIFF purchased a California Personal Car Policy (the "Policy") from Defendant INFINITY which covered his 2006 Dodge Durango and which was in effect during all relevant times in this complaint and that PLAINTIFF made regular premium payments and at all times fulfilled his obligations under the POLICY.

5. The POLICY from Defendant INFINITY promised to reimburse PLAINTIFF the value of the 2006 Dodge Durango in the event of theft or other loss.

COMPLAINT FOR DAMAGES - 2

6. PLAINTIFF'S reasonable expectation was that INFINITY would pay all benefits due under the POLICY in the event that the covered subject vehicle was stolen.

7. On or about April 24, 2008, personal property, described as a 2006 Dodge Durango, covered property, was stolen from PLAINTIFF.

8. PLAINTIFF made a claim under the INFINITY policy referenced above and cooperated with INFINITY.

9. On or about December 15, 2008, the DEFENDANT wrongfully and unreasonably denied PLAINTIFF'S claim.

10. At all times INFINITY looked out for their own interests ahead of that of their policyholder.

11. In doing the acts described above, INFINITY knew that it would cause injury to PLAINTIFF. Nonetheless, INFINITY, with the conscious disregard as to the rights of PLAINTIFF, refused to pay for a clearly covered claim under the policy.

12. INFINITY made misrepresentations to PLAINTIFF with the intention of depriving PLAINTIFF of his rights under the policy of insurance, to which PLAINTIFF was entitled.

## FIRST CLAIM FOR RELIEF

(Breach of Insurance Contract against all Defendants)

13. PLAINTIFF realleges and incorporates herein by reference all prior allegations.

14. INFINITY entered into contracts of insurance with PLAINTIFF.

15. At all times relevant herein, PLAINTIFF fulfilled its obligations under the policy of insurance.

16. On or about April 24, 2008 covered property, specifically a 2006 Dodge Durango, was stolen from PLAINTIFF.

17. PLAINTIFF, pursuant to the policy, made a claim to INFINITY for the amount of the property stolen.

18. INFINITY was at all times at an obligation to cover the property that was stolen. Nonetheless, INFINITY, erroneously denied PLAINTIFF"S claim.

19. Defendants INFINITY and DOES 1 to 100, have breached their duties and obligations under the POLICY by denying PLAINTIFF'S claims for benefits.

20. As a direct and proximate result of the acts and omissions of INFINITY and DOES 1 to 100, PLAINTIFF has suffered, damages including in the form of lost benefits under the Policy and lost monies he had to expend which otherwise would have been covered by additional insurance.

COMPLAINT FOR DAMAGES - 4

21. By reason of the foregoing, PLAINTIFF is entitled to judgment against INFINITY and DOES 1 to 100, for his general, special, actual, consequential and compensatory damages as proven at time of trial.

### SECOND CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing against all Defendants)**

22. PLAINTIFF realleges and incorporates herein by reference all prior allegations.

23. Pursuant to California law, there was at all times a covenant of good faith and fair dealing implied as part of the policy of insurance issued by INFINITY. This covenant required INFINITY to at all times act in good faith as to PLAINTIFF, their insured, and refrain from acting in any way to deprive PLAINTIFF of his rights under the policy of insurance.

24. INFINITY has violated the covenant of good faith and fair dealing in a series of acts including but not limited, to the following:

    (a) Refusing to cover PLAINTIFF'S claim;

    (b) Unreasonably withholding benefits due under the Policy;

    (c) Failing to adequately investigate the claim in a timely manner and in a reasonable manner;

COMPLAINT FOR DAMAGES - 5

(d)   Misleading their insured, the PLAINTIFF;

(e)   Placing their own interest ahead of their
      insured;

(f)   Completely failing to evaluate the claim in a
      competent and objective manner;

(g)   Intentionally and maliciously deceiving their
      insured;

(h)   Ignoring evidence in its file that supported
      the claim;

(i)   Completely focusing on facts denying the claims
      of PLAINTIFF;

(j)   Complete lack of diligence in claims handling
      and communication with their insured;

(k)   Failing to conduct an investigation under
      PLAINTIFF'S claim to discover information to
      support PLAINTIFF'S claims;

(l)   Violation of the insurance commissioner's
      regulations and the *Insurance Code* 10 Cal.C.
      Regs sections 2695.7(b), 2695.7(d), 2695.7(e),
      *Insurance Code sections 790.03(b),*
      *790.03(h)(2), (h)(3), (h)(5),* 10 Cal.C. Regs
      2695.8.

25. At all times INFINITY placed their own interests
    above those of their insured by each of the above acts

COMPLAINT FOR DAMAGES - 6

and by failing to cover the property that was clearly covered under the POLICY.

26. As a result of the actions of INFINITY, PLAINTIFF suffered monetary loss, all in amounts to be determined at trial, but in excess of the jurisdictional minimum of this Court.

27. As a result of the actions of INFINITY, PLAINTIFF has also incurred attorney fees in pursuing its rights under the INFINITY policy of insurance, which fees are recoverable pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d. 813, 210 Cal.Rptr. 211, and subject to proof at trial.

28. As a result of the actions of INFINITY, PLAINTIFF has sustained and continues to sustain emotional distress damages according to proof at the time of trial.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, as follows:

1.   For general damages according to proof;

2.   For compensatory damages according to proof;

3.   For emotional distress damages;

4.   For interest on the sum of damages awarded, including prejudgment interest, at the legal rate;

COMPLAINT FOR DAMAGES - 7

5. For punitive damages under the second cause of action in an amount to deter Defendants from such future misconduct;

6. For attorney's fees incurred by PLAINTIFF in obtaining his rights under the INFINITY policy of insurance, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d. 813, 210 Cal.Rptr. 211;

7. For costs of suit incurred herein on all causes of action;

8. For other further relief as the Court deems just and proper.

LAW OFFICE OF DANIEL DEMBICER

DATED: 1/21/09   BY: _____
Daniel Dembicer, Attorney for
Plaintiff, Jose Ayala

COMPLAINT FOR DAMAGES - 8

**EXHIBIT B**

DISC-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Peter H. Klee, SBN 111707; Josiah N. Drew, SBN 222651
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 W. Broadway, Suite 2600
San Diego, CA 92101

TELEPHONE NO.: 619-236-1414
FAX NO. (Optional): 619-232-8311
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendant Infinity Insurance Company

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**

SHORT TITLE OF CASE:
Jose Ayala v. Infinity Insurance Company

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| **Asking Party:** Defendant Infinity Insurance Company | BC406093 |
| **Answering Party:** Plaintiff Jose Ayala | |
| **Set No.:** One | |

## Sec. 1.  Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2.  Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form Interrogatories—Limited Civil Cases (Economic Litigation) (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions-Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260-2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
            (DATE)                                          (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

DISC-001

☒ **(2)** **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*
The alleged breach of contract (policy no. 01600661500) by Infinity Insurance Company

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**
The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
  Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—individual**

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☒ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

☐ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

☒ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☒ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Page 3 of 8

American LegalNet, Inc.
www.FormsWorkflow.com

Page 17

DISC-001

☐ 6.3 Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

☐ 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

☐ 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

☐ 6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

☐ 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

☒ 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

☒ 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

☒ 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

☒ 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

☒ 8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

☒ 8.3 State the last date before the **INCIDENT** that you worked for compensation.

☒ 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☒ 8.5 State the date you returned to work at each place of employment following the **INCIDENT**.

☒ 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

☒ 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☒ 8.8 Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**FORM INTERROGATORIES—GENERAL**

American LegalNet, Inc.
www.FormsWorkflow.com

**9.0 Other Damages**

☒ **9.1** Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☒ **9.2** Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0 Medical History**

☐ **10.1** At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ **10.2** List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the **INCIDENT.**)*

☐ **10.3** At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

☒ **11.1** Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☒ **11.2** In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

☒ **12.1** State the name, **ADDRESS,** and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b) who made any statement at the scene of the **INCIDENT;**
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☒ **12.2** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☒ **12.3** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:

(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**FORM INTERROGATORIES—GENERAL**

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

☒ 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☒ 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☒ 12.6 Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☒ 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

☐ 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each sur-veillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☐ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

☒ 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☒ 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

☐ 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

☐ 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2 Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**FORM INTERROGATORIES—GENERAL**

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

☐ 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT?** If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT?** If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5 Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT?** If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery proceedings thus far in this case was not caused by the **INCIDENT?** If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ 16.10 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER;**
(b) a description of each **DOCUMENT;** and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☐ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor** Vehicle

☐ 20.1 State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2 For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☒ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☒ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☒ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☒ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☒ 50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☒ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

American LegalNet, Inc.
www.FormsWorkflow.com

1 | Peter H. Klee, State Bar No. 111707
  | Josiah N. Drew, State Bar No. 222651
2 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP
  | 600 West Broadway, Suite 2600
3 | San Diego, California 92101-3372
  | Telephone No.: 619.236.1414
4 | Fax No.: 619.232.8311
  | E-Mail:    pklee@luce.com
5 |            jdrew@luce.com

6 | Attorneys for Defendant Infinity Insurance Company

7

8 |                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                          FOR THE COUNTY OF LOS ANGELES

10

11 | JOSE AYALA, an individual,                    Case No. BC406093

12 |          Plaintiff,
                                                **PROOF OF SERVICE**
13 | v.

14 | INFINITY INSURANCE COMPANY, a
   | corporation, AND DOES 1 to 100,            Judge: Mark Mooney
15 |                                              Dept.: 68
   |          Defendants.                        Complaint Filed: January 22, 2009
16

17 |          I, the undersigned, declare as follows:

18 |          I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose

19 | address is 600 West Broadway, Suite 2600, San Diego, California 92101. I am over the age of

20 | eighteen years, and am not a party to this action.

21 |          On March 19, 2009, I served the following:

22 | **DEFENDANT INFINITY INSURANCE COMPANY'S FORM
   | INTERROGATORIES TO PLAINTIFF JOSE AYALA (SET NO. ONE)**
23

24 | on the interested parties in this action by:

   |   X      **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for
25 |          each address named on the attached service list for collection and mailing on the
   |          below indicated day following the ordinary business practices at Luce, Forward,
26 |          Hamilton & Scripps LLP.  I certify I am familiar with the ordinary business
   |          practices of my place of employment with regard to collection for mailing with the
27 |          United States Postal Service.  I am aware that on motion of the party served, service
   |          is presumed invalid if postal cancellation date or postage meter date is more than
28 |          one day after date of deposit or mailing affidavit.

---
                                       1                            Page 23
                                PROOF OF SERVICE

_____    **OVERNIGHT MAIL:** I sent a copy via overnight mail, to _____ ONLY.

_____    **OVERNIGHT COURIER SERVICE:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and caused such envelope(s) to be delivered via Federal Express.

_____    **HAND DELIVERY:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and delivered it to CalExpress for personal service.

_____    **FACSIMILE:** I sent a copy via facsimile transmission to the telefax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

| Daniel Dembicer, Esq.<br>LAW OFFICE OF DANIEL DEMBICER<br>5900 Wilshire Blvd., 26th Floor<br>Los Angeles, CA 90036<br>Ph: 323-330-0558<br>Fax: 323-330-0559<br><br>**_Attorneys for Plaintiff Jose Ayala_** | |

__X__    (**STATE**): I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on March 19, 2009.

Tamara Siemers

101146068.1

2

Page 24

PROOF OF SERVICE

**EXHIBIT C**

Daniel Dembicer, Esq.   SBN 159910
**LAW OFFICE OF DANIEL DEMBICER**
5900 Wilshire Boulevard, 26th Floor
Los Angeles, California 90036
Telephone:(323) 330-0558
Facsimile:(323) 330-0559

Attorney for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| JOSE AYALA, an individual,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>INFINITY INSURANCE COMPANY, a<br>Corporation, AND DOES 1 TO<br>100,<br>　　　　Defendants. | ) Case No.: BC 406 093<br>)<br>) **RESPONSES TO FORM**<br>) **INTERROGATORIES**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　PROPOUNDING PARTY:   INFINITY INSURANCE COMPANY

　　　RESPONDING PARTY:   JOSE AYALA

　　　SET NUMBER:　　　　ONE

### QUALIFICATIONS AND GENERAL OBJECTIONS

　　These responses are made solely for the purpose of this action on behalf of Plaintiff JOSE AYALA and no other party. Responding Party therefore reserves the right to object to the use of these responses in any other action and do not authorize such use.

These responses are based upon a diligent investigation by Responding Party and his counsel. However, these responses reflect only the current state of their understanding, belief and analysis respecting the matters upon which inquiry has been made. The discovery and analysis of Responding Party in this case is not yet complete and he has not yet located or interviewed all potential witnesses or obtained and reviewed all documents which may have some bearing on this case.

As a consequence of the foregoing, there may exist further information relevant to the subject matter of the requests which is not now within the present knowledge of Responding Party and is not provided below. There may exist documents or information related to the subject matter of this lawsuit which Responding Party has not yet located, identified or reviewed in any detail, and hence are not described below.

The following responses are based upon the facts and information now known to Responding Party as well as their present analysis of this case and may not in any way be deemed an admission or representation that further information relevant to the subject matter of this lawsuit does not exist. As discovery in this action proceeds, Responding Party anticipates that he may otherwise modify these responses in any way, at any time, in light of the facts revealed through discovery and further investigation.

Each of the responses below are made subject to any and all objections as to competence, relevance or other grounds that would require exclusion of such statement if made by a witness present and testifying in Court. Any and all such

1 objections and grounds are expressly reserved and may be

2 interposed at the time of trial.  Furthermore, nothing

3 contained herein is intended to be or should be construed as a

4 waiver by Responding Party of any attorney/client, work

5 product or other applicable privilege or doctrine.  To the

6 extent that any request herein may be construed as calling for

7 the disclosure of information protected by such privilege or

8 doctrine, Responding Party interposes this objection to each

9 such request.  The foregoing qualifications and general

10 objections are incorporated by reference into each response

11 given herein below.

12 RESPONSE TO NO. 1.1

13     Myself and my attorney of record herein.

14 RESPONSE TO NO. 2.1

15     (a)  Jose Ayala Campa

16     (b)  None

17     (c)  Date of birth to present date.

18 RESPONSE TO NO. 2.2

19     February 24, 1976, Mexico.

20 RESPONSE TO NO. 2.3

21     Yes.

22     (a)  California

23     (b)  B4792358, Class A

24     (c)  June 13, 2006,

25     (d)  None

26

27

28

RESPONSES TO FORM INTERROGATORIES, SET ONE - 3

1    RESPONSE TO NO. 2.4

2          See above, Class A commercial license

3

4    RESPONSE TO NO. 2.5

5          (a)   128 S. Westmoreland, #2, Los Angeles, California

6                90004

7          (b)   128 S. Westmoreland, #2, Los Angeles, California

8                90004

9          (c)   1999 - present

10   RESPONSE TO NO. 2.6

11         Nasa Services, Inc., 1702 Gage Road, Montebello, CA 90640

12   RESPONSE TO NO. 2.7

13         (a)   Dominguez High School

14         (b)   1993-1994

15         (c)   12

16         (d)   None

17

18         (a)   Commercial driver license school

19         (b)   2004

20         (c)   Not applicable

21         (d)   Certificate for commercial driver

22   RESPONSE TO NO. 2.8

23         No.

24   RESPONSE TO NO. 2.9

25         Yes

26   RESPONSE TO NO. 2.10

27         Yes, but prefer Spanish.

28

RESPONSES TO FORM INTERROGATORIES, SET ONE - 4

RESPONSE TO NO. 4.1

Yes.

(a)   Bodily injury, property damage, rental, towing and storage

Infinity Insurance Company, 4201 Vanowen Place, Burbank, California 91505.

(b)   Jose Ayala, 128 S. Westmoreland Avenue, Apartment 2, Los Angeles, CA 90004.

(c)   JOSE AYALA

(d)   01600661500

(e)   Bodily injury - $15,000, Property damage - $30,000, Rental - $600.

(f)   Infinity Insurance issued a reservation of rights letter.

(g)   Infinity Insurance Company, 4201 Vanowen Place, Burbank, California 91505, (800) 334-1661.


(a)   Daimler Chrysler Guaranteed Automotive Protection

(b)   Daimler Chrysler GAP, 3500 Piedmont Road NE, Suite 400, Atlanta, GA 30305

(c)   JOSE AYALA

(d)   GAPXM

(e)   $50,000

(f)   None.

(g)   Daimler Chrysler GAP, 3500 Piedmont Road NE, Suite 400, Atlanta, GA 30305, (800) 419-3790.

1  RESPONSE TO NO. 4.2

2      No.

3  RESPONSE TO NO. 7.1

4      Yes.

5      (a)  2006 Dodge Durango, stereo system

6      (b)  The subject vehicle, 2006 Dodge Durango was

7           transferred to defendant herein.  Once the claim was

8           denied, the subject vehicle was returned to

9           plaintiff with no ignition, side panel burned and

10          back and front seat burned.

11     (c)  $45,000

12     (d)  Not applicable.

13 RESPONSE TO NO. 7.2

14     Objection, calls for legal conclusion, calls for

15 information protected by *Code of Civil Procedure* §2034.010 et

16 seq.  Subject to and without waiving said objections,

17 responding party responds as follows: Yes, the propounding

18 party has declared the subject vehicle a total loss.

19 RESPONSE TO NO. 7.3

20     Objection, calls for legal conclusion, calls for

21 information protected by *Code of Civil Procedure* §2034.010 et

22 seq.  Subject to and without waiving said objections,

23 responding party responds as follows:  No.

24 RESPONSE TO NO. 8.1

25     Not at the present time.

26 RESPONSE TO NO. 8.2

27     Not applicable.

28

1  RESPONSE TO NO. 8.3

2      Not applicable.

3  RESPONSE TO NO. 8.4

4      Not applicable.

5  RESPONSE TO NO. 8.5

6      Not applicable.

7  RESPONSE TO NO. 8.6

8      Not applicable.

9  RESPONSE TO NO. 8.7

10      Not applicable.

11  RESPONSE TO NO. 8.8

12      Not applicable.

13  RESPONSE TO NO. 9.1

14      Objection.  Calls for information protected by attorney-

15  client privilege and attorney work-product doctrine, calls for

16  information protected by Code of Civil Procedure §2034.010 et

17  seq.  Subject to and without waiving said objection,

18  Responding party responds as follows: Yes.

19      (a)  Rental car fees, impound fees, towing charges,

20           registration fees, replacement vehicle costs,

21           attorney's fees and costs of suit.

22      (b)  Date of loss through the date of propounding party's

23           breach of contract and ongoing.

24      (c)  $125,000 to date.    Discovery is continuing.

25           Responding party reserves the right to supplement

26           and revise the response.

27      (d)  Glendale Dodge LLC 1101 Brand Boulevard, Glendale,

28           CA, (888) 728-3802, Enterprise Rent-a-car, Daniel

RESPONSES TO FORM INTERROGATORIES, SET ONE - 7

Page 31

1    Dembicer, 5900 Wilshire Blvd., 26th Floor, Los

2    Angeles, California 90036, (323) 330-0558

3    RESPONSE TO NO. 9.2

4    Objection.  Calls for expert opinion, calls for legal

5    conclusion, calls for information protected by attorney-client

6    privilege and attorney work-product doctrine, *Code of Civil*

7    *Procedure* §2034.010, et seq.  Subject to and without waiving

8    said objection, Responding party responds as follows: Yes.

9    Purchase agreement, rental car contracts, account payments

10   history from Chrysler, the documents are already in

11   propounding party's possession.

12   RESPONSE TO NO. 11.1:

13   Objection.  Calls for legal conclusion, not relevant and

14   not reasonably calculated to lead to discovery of admissible

15   evidence.  Subject to and without waiving said objection,

16   Responding party responds as follows: No.

17   RESPONSE TO NO. 11.2:

18   Objection.  Calls for legal conclusion, not relevant and

19   not reasonably calculated to lead to discovery of admissible

20   evidence.  Subject to and without waiving said objection,

21   Responding party responds as follows: No.

22

23   RESPONSE TO NO. 12.1:

24   Objection, calls for information protected by attorney-

25   client privilege and attorney work-product doctrine, *Code of*

26   *Civil Procedure* §2034.010 et seq.  Subject to and without

27   waiving said objections, responding party responds as follows:

28

RESPONSES TO FORM INTERROGATORIES, SET ONE - 8

(a)   Brian S. Mizell, 3602 Inland Empire Boulevard, Suite C100, Ontario, California 91764,(909)581-8295.

Attila Benko, Infinity Insurance Company, 4201 Vanowen Place, Burbank, California 91505, (800) 334-1661.

Deborah Licata, Infinity Insurance Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

Abel Ruiz, Infinity Insurance Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

Michael Malloian, Infinity Insurance Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

Sandro Garcia, Safequest Insurance Brokerage, 2260 S Atlantic Blvd, Monterey Park, CA 91754   (323) 726-2277

(b)   Brian S. Mizell, 3602 Inland Empire Boulevard, Suite C100, Ontario, California 91764,(909)581-8295.

Attila Benko, Infinity Insurance Company, 4201 Vanowen Place, Burbank, California 91505, (800) 334-1661.

Deborah Licata, Infinity Insurance Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

Abel Ruiz, Infinity Insurance Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

Michael Malloian, Infinity Insurance Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

Sandro Garcia, Safequest Insurance Brokerage, 2260 S Atlantic Blvd, Monterey Park, CA 91754   (323) 726-2277

(c)   Brian S. Mizell, 3602 Inland Empire Boulevard, Suite C100, Ontario, California 91764,(909)581-8295.

Attila Benko, Infinity Insurance Company, 4201 Vanowen Place, Burbank, California 91505, (800) 334-1661.

RESPONSES TO FORM INTERROGATORIES, SET ONE - 9

1   Deborah Licata, Infinity Insurance Company, P.O. Box
2   830807, Birmingham, AL 35283-0807, (800) 334-1661.
3   Abel Ruiz, Infinity Insurance Company, P.O. Box 830807,
4   Birmingham, AL 35283-0807, (800) 334-1661.
5   Michael Malloian, Infinity Insurance Company, P.O. Box
6   830807, Birmingham, AL 35283-0807, (800) 334-1661.
7   Sandro Garcia, Safequest Insurance Brokerage, 2260 S
8   Atlantic Blvd, Monterey Park, CA 91754  (323) 726-2277
9   (d)   Brian S. Mizell, 3602 Inland Empire Boulevard, Suite
10   C100, Ontario, California 91764,(909)581-8295.
11   Attila Benko, Infinity Insurance Company, 4201 Vanowen
12   Place, Burbank, California 91505, (800) 334-1661.
13   Deborah Licata, Infinity Insurance Company, P.O. Box
14   830807, Birmingham, AL 35283-0807, (800) 334-1661.
15   Abel Ruiz, Infinity Insurance Company, P.O. Box 830807,
16   Birmingham, AL 35283-0807, (800) 334-1661.
17   Michael Malloian, Infinity Insurance Company, P.O. Box
18   830807, Birmingham, AL 35283-0807, (800) 334-1661.
19   Sandro Garcia, Safequest Insurance Brokerage, 2260 S
20   Atlantic Blvd, Monterey Park, CA 91754  (323) 726-2277
21   Discovery is continuing.
22
23   RESPONSE TO NO. 12.2:
24   Objection, calls for information protected by attorney-
25   client privilege and attorney work-product doctrine, *Code of*
26   *Civil Procedure* §2034.010 et seq.
27   RESPONSE TO NO. 12.3:
28

RESPONSES TO FORM INTERROGATORIES, SET ONE - 10

1       Objection, calls for information protected by attorney-

2   client privilege and attorney work-product doctrine, *Code of*

3   *Civil Procedure* §2034.010 et seq.

4   RESPONSE TO NO. 12.4:

5       Objection, calls for information protected by attorney-

6   client privilege and attorney work-product doctrine, *Code of*

7   *Civil Procedure* §2034.010 et seq.   Subject to and without

8   waiving said objections, responding party responds as follows:

9   Responding Party has photographs of the subject vehicle.

10  RESPONSE TO NO. 12.5:

11      Objection, calls for information protected by attorney-

12  client privilege and attorney work-product doctrine, *Code of*

13  *Civil Procedure* §2034.010 et seq.   Subject to and without

14  waiving said objections, responding party responds as follows:

15  No.

16  RESPONSE TO NO. 12.6:

17      Objection, calls for information protected by attorney-

18  client privilege and attorney work-product doctrine, *Code of*

19  *Civil Procedure* §2034.010 et seq and moreover seeks

20  information which is equally available to the propounding

21  party.   Subject to and without waiving said objections,

22  responding party responds as follows:  A police report was

23  generated as a result of the theft of the subject vehicle.

24

25

26

27

28

RESPONSES TO FORM INTERROGATORIES, SET ONE - 11

1  RESPONSE TO NO. 12.7:

2       Objection, calls for information protected by attorney-

3  client privilege and attorney work-product doctrine, *Code of*

4  *Civil Procedure* §2034.010 et seq.

5  RESPONSE TO NO. 14.1:

6       Objection, calls for information protected by attorney-

7  client privilege and attorney work-product doctrine, *Code of*

8  *Civil Procedure* §2034.010 et seq.   Subject to and without

9  waiving said objections, responding party responds as follows:

10  Yes.   Infinity Insurance and all persons who are agents and/or

11  acted on behalf of Infinity Insurance violated *Insurance Code*

12  10 Cal. C. Regs §§ 2695.7, 2695.8, *Insurance Code* §790.03

13  including: Brian S. Mizell, 3602 Inland Empire Boulevard,

14  Suite C100, Ontario, California 91764, (909)581-8295, Attila

15  Benko, Infinity Insurance Company, 4201 Vanowen Place,

16  Burbank, California 91505, (800) 334-1661, Deborah Licata,

17  Infinity Insurance Company, P.O. Box 830807, Birmingham, AL

18  35283-0807, (800) 334-1661, Abel Ruiz, Infinity Insurance

19  Company, P.O. Box 830807, Birmingham, AL 35283-0807, (800)

20  334-1661, Michael Malloian, Infinity Insurance Company, P.O.

21  Box 830807, Birmingham, AL 35283-0807, (800) 334-1661.

22  RESPONSE TO NO. 14.2:

23       Objection, calls for information protected by attorney-

24  client privilege and attorney work-product doctrine, *Code of*

25  *Civil Procedure* §2034.010 et seq.   Subject to and without

26  waiving said objections, responding party responds as follows:

27  No.

28

RESPONSE TO FORM INTERROGATORY NO. 50.1:

Objection, burdensome and oppressive, the information requested is equally to the propounding party.  It is clear this interrogatory was propounded for the sole purpose of harassing Jose Ayala and imposing ridiculous burdens on Jose Ayala that are not required by California law and which are in violation of the Discovery Act.   Subject to and without waiving said objections, responding party responds as follows:

(a)   Infinity Policy, Policy No.01600661500, Infinity Insurance Company, 4201 Vanowen Place, Burbank, California 91505, (800) 334-1661.

(b)   None

(c)   None

(d)   Objection, calls for expert opinion, calls for legal conclusion.  Subject to and without waiving said objections, responding party responds as follows: None.

(e)   Objection, calls for expert opinion, calls for legal conclusion.  Subject to and without waiving said objections, responding party responds as follows: None.

(f)   Objection, calls for expert opinion, calls for legal conclusion.  Subject to and without waiving said objections, responding party responds as follows: None.

RESPONSE TO FORM INTERROGATORY NO. 50.2:

Yes, I purchased a personal car policy, Policy No. 01600661500, from Infinity for my 2006 Dodge Durango.  On or about April 24, 2008, my Durango was stolen.  I reported to Infinity that my Durango was stolen.  Infinity refused to pay me for the stolen Durango even though it was covered under the policy. Infinity refused to reimburse me the value of the Dodge Durango on or about December 15, 2008.

RESPONSE TO FORM INTERROGATORY NO. 50.3:

Objection, calls for information protected *Code of Civil Procedure* §2034.010 et seq., calls for legal conclusion, subject to and without waiving said objection, responding party responds as follows: No.

RESPONSE TO FORM INTERROGATORY NO. 50.4:

Objection, calls for information protected *Code of Civil Procedure* §2034.010 et seq., calls for legal conclusion, subject to and without waiving said objection, responding party responds as follows: No.

RESPONSE TO FORM INTERROGATORY NO. 50.5:

Objection, calls for legal conclusion, calls for information protected *Code of Civil Procedure* §2034.010 et seq., calls for legal conclusion, subject to and without waiving said objection, responding party responds as follows: No.

RESPONSE TO FORM INTERROGATORY NO. 50.6:

    Objection, calls for legal conclusion, calls for information protected *Code of Civil Procedure* §2034.010 et seq., calls for legal conclusion, subject to and without waiving said objection, responding party responds as follows: No.

DATED: 05/01/09        BY: _____
                           Daniel Dembicer, Attorney for
                           Plaintiff, Jose Ayala

1   **VERIFICATION**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I have read the foregoing:

4   Plaintiff's Responses to Defendant's Form

5   Interrogatories, set number one

6   

7       I am a party to this action.  The matters stated in the

8   foregoing document(s) are true of my own knowledge except as

9   to those matters which are stated on the information and

10  belief, and as to those matters I believe to be true.

11      I declare under penalty of perjury under the laws of the

12  state of California that the foregoing is true and correct.

13  Executed on _____05/01/09_____, at Los Angeles, California.

14

15

16

17  __Jose Ayala___          _____

18  NAME                     SIGNATURE

19

20

21

22

23

24

25

26

27

28

- 1 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5900 Wilshire Boulevard, 26th Floor, Los Angeles, California 90036.

On May 1, 2009, I served the foregoing documents described as **PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTTEROGATORIES SET NUMBER ONE; on** the interested parties in this action by mailing a true copy prepaid to the address as follows:

    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    Attn:  Peter Klee
    600 West Broadway, Suite 2600
    San Diego, California 92101-3372


_____ **BY FAX TRANSMISSION:** I faxed the documents to the persons at the fax numbers listed above.  No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

Executed on May 1, 2009 at Los Angeles, California.


I declare under penalty of perjury under the laws of the State of California that the following is true and correct.

_____
Daniel Dembicer

- 1