cc: Los Angeles Superior Court
    Central District
    Case no. BC406093

O    JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| JOSE AYALA, | Case No.: CV-09-03744 RSWL (JCx) |
|---|---|
| Plaintiff, | **ORDER RE: JURISDICTION AND REMAND** |
| v. | |
| INFINITY INSURANCE COMPANY, | |
| Defendant. | |

1.   This Court's Order to Show Cause Re: Jurisdiction came on for hearing at the Final Pretrial Conference on June 22, 2010. Plaintiff, Jose Ayala, appeared through his counsel of record, Daniel A. Reisman. Defendant, Infinity Insurance Company, appeared through its counsel of record, Josiah Drew. The Court having reviewed all papers submitted pertaining to the Order to Show Cause and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

## Background

2.   Plaintiff Jose Ayala initiated the instant action in the Superior Court of Los Angeles, California, against Defendant Infinity Insurance Company ("Infinity"), alleging two counts. The first count was for breach of insurance contract. The second was for breach of the implied covenant of good faith and fair dealing, or bad faith. Infinity subsequently removed the case to this Court.

3. On May 5, 2010, this Court granted Infinity's Motion for Partial Summary Judgment as to Mr. Ayala's claims for bad faith and punitive damages. Thus, the sole remaining count in Mr. Ayala's Complaint is for breach of contract.

4. At the hearing, the Court asked both Parties whether it retained jurisdiction over the remaining cause of action.

5. On June 2, 2010, this Court issued an Order to Show Cause re: Jurisdiction, ordering "that both Parties submit a written update advising the Court as to whether jurisdiction is still proper in this Court." The Court further ordered that the Parties had until June 11, 2010 to submit their written responses to the Court. Both Parties timely filed written responses pursuant to the Court's order.

6. On June 22, 2010, both parties, through counsel, appeared before the Court for the scheduled final pretrial conference. The Court noted that a proposed pretrial conference order had been filed. The Court then addressed the Order to Show Cause. After hearing oral argument, the Court **ORDERED** the matter **REMANDED** to state court.

## Analysis

7. At the time of removal, this Court had original jurisdiction over the bad faith claim based on diversity of citizenship because the damages flowing from the bad faith claim, standing alone, satisfied the amount in controversy requirement, and there was complete diversity of citizenship between the parties. 28 U.S.C. §1332(a).

8. Further, although the breach of contract claim, standing alone, never met the jurisdictional minimum, this Court properly exercised supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a).

9. The propriety of a federal court's subject matter jurisdiction is determined at the time of removal. Events occurring subsequent to removal do not oust jurisdiction. *See St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. 586 (1938). However, when a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise

1  supplemental jurisdiction over the remaining causes of action. 28 U.S.C.
2  § 1367(c)(3); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)
3  ("There is no way to distinguish a reduction of the amount in controversy from the
4  disappearance of a federal claim as contemplated under § 1367(c)(3).").

10. Here, the Court has dismissed the one claim over which it had original jurisdiction—the bad faith claim. Therefore, this Court may decline to exercise supplemental jurisdiction over the remaining cause of action, the breach of contract claim, and remand the case to state court.

## Conclusion

11. In sum, since the Court granted Infinity's Motion for Partial Summary Judgment on Mr. Ayala's claims for bad faith and punitive damages, the Court finds that it has the discretion to remand the sole remaining cause of action for breach of contract to state court under 28 U.S.C. § 1367(c)(3).

12. Accordingly, the Court, in its discretion, declines to exercise supplemental jurisdiction over the breach of contract claim.

13. The matter is hereby **REMANDED** to the state court.

**IT IS SO ORDERED.**

Dated: June 28, 2010

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge